Jacob Markowitz, J.
Defendant moves for dismissal of the complaint for legal insufficiency. It agreed with plaintiff that the latter should secure grand bonus prizes to be awarded in a contest forming part of a T.Y. show produced by defendant. Plaintiff was to be paid a stated sum by the supplier. Defendant agreed, further, that if and when as a result of plaintiff’s effort a supplier, acceptable to the defendant were obtained, willing to provide the prize, upon terms and conditions formulated and agreed upon by these parties, the defendant would enter into a supplementary agreement with such supplier, such agreement to provide that defendant would distribute one prize per week for a period of 17 weeks, and that it was noncancelable and defendant would not cancel, breach or provoke a breach of the supplementary agreement. Plaintiff alleges performance in that it obtained one named supplier but defendant entered into a supplementary agreement with such supplier not containing the terms and provisions agreed upon and subsequently the defendant cancelled such supplementary agreement. It is further alleged that the supplier also performed until its agreement was cancelled by the defendant.
Defendant urges that plaintiff alleges upon a promise to make a future agreement which is too indefinite for legal enforcement. The agreement between the parties did specify the terms of a supplementary agreement. Since plaintiff was to exert efforts to produce suppliers and to incur expense, the agreement is instinct with an obligation to use good faith in utilizing the results of plaintiff’s effort. Thereupon, the making of a sup *454 plementary agreement removed any claimed indefiniteness, and the obligation of the alleged agreement with the defendant attached with respect to any such supplementary agreement. It is' alleged that such supplementary agreement was made with the supplier produced by the plaintiff, and since plaintiff alleges due performance, it must be deemed that plaintiff produced the supplier willing to contract upon the agreed terms. It is urged, further, that there is no alleged promise by defendant to pay the plaintiff. It is not on such a promise which the action is based, but rather upon defendant’s promise not to cancel its agreement with the supplier whereby plaintiff’s compensation by the third party would be defeated. Plaintiff does not sue as a third-party beneficiary of the supplementary contract. The breach of that contract was, as alleged,'the fault of the defendant, and it in turn stands as a breach of defendant’s contract with plaintiff.
Since no other objection is raised, the motion is denied.